UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEVIN A.,

          Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

CASE NO. 3:25-cv-05320-GJL

SOCIAL SECURITY DISABILITY APPEAL ORDER

      This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 3. This matter has been fully briefed. *See* Dkts. 7, 9, 10.

      Having considered the administrative record (AR) and all memoranda, the Court concludes the Administrative Law Judge (ALJ) erred in finding Plaintiff not disabled. Accordingly, this matter is **REVERSED** and **REMANDED** for further administrative proceedings.

//

//

SOCIAL SECURITY DISABILITY APPEAL ORDER - 1

## I.   PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income (SSI) benefits was denied initially and following reconsideration. AR 67–86. Plaintiff's requested hearing was held before the ALJ on March 21, 2024. AR 33–66. On April 26, 2024, the ALJ issued a written decision concluding Plaintiff was not disabled. AR 14–32. On March 3, 2025, the Appeals Council declined Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision subject to judicial review. AR 1–6. On April 16, 2025, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's decision. Dkt. 1. Defendant filed the sealed AR in this matter on June 16, 2025. Dkt. 5.

## II.   BACKGROUND

Plaintiff was born in 2001 and was 20 years old on October 21, 2021, his application date. *See* AR 19, 220. According to the ALJ, Plaintiff suffers from, at a minimum, the impairments of asthma, obesity, fecal incontinence, depression disorder, attention deficit hyperactivity disorder, and neurocognitive disorder. AR 19. However, the ALJ found Plaintiff was not disabled at step two of the sequential evaluation process because the ALJ found none of those impairments were severe. AR 20.

## III.   DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

Plaintiff argues the ALJ erred in finding his mental impairments non-severe at step two. Dkt. 7. An impairment is not severe "if it does not significantly limit [a claimant's] physical or

1 mental ability to do basic work activities." 20 C.F.R. § 404.1522(a). "[A]n ALJ may find an
2 impairment or combination of impairments 'not severe' at step two '*only if* the evidence
3 establishes a slight abnormality that has no more than a minimal effect on an individual's ability
4 to work.'" *Glanden v. Kijakazi*, 86 F.4th 838, 844 (9th Cir. 2023) (quoting *Webb v. Barnhart*,
5 433 F.3d 683, 686 (9th Cir. 2005)) (emphasis in original).

6 The Court therefore "must determine whether the ALJ had substantial evidence to find
7 that the medical evidence clearly established that [Plaintiff] did not have a medically severe
8 impairment or combination of impairments." *Webb*, 433 F.3d at 687.

9 Every medical opinion in the record opined Plaintiff had at least some limitations in his
10 ability to perform basic work activities. *See* AR 23–26. State agency consultant Dr. Kester
11 opined Plaintiff had moderate limitations in many mental abilities (AR 69–71), while
12 psychological examiners Dr. Weiss and Dr. Deming opined Plaintiff had marked and moderate
13 limitations in basic work abilities (AR 536, 767–68) and Plaintiff's therapist, Milan Hardman,
14 MS, opined he had marked limitations in most areas of mental functioning (AR 1234–35).

15 Plaintiff testified he has difficulties remembering information, remembering to complete
16 basic tasks, completing tasks once prompted, and handling work-related stress. *See* AR 44, 47–
17 49. Plaintiff's mother testified similarly, and his sister and stepfather completed statements
18 indicating he had functional deficits. AR 56–58, 331, 334.

19 The ALJ justified his step two finding, along with his rejection of Plaintiff's testimony
20 and the medical opinion evidence, by referencing (1) Plaintiff's work experience prior to the start
21 of the relevant period, (2) some normal examination results from appointments, and (3) evidence
22 of medical improvement. *See* AR 23–25. Considering the record as a whole, including the
23 evidence that supports and detracts from the ALJ's conclusion, *see Garrison v. Colvin,* 759 F.3d
24

SOCIAL SECURITY DISABILITY APPEAL ORDER - 3

995, 1009 (9th Cir. 2014), this was not "substantial evidence to find that the medical evidence clearly establishes that [Plaintiff] did not have" one or more severe impairments. *Webb*, 433 F.3d at 687.[1]

First, that a claimant performed one particular position (with or without issue) does not mean he can perform all basic work activities without issue. Consistent with this understanding, under the Commissioner's regulations, an ALJ cannot consider a claimant's work experience in making a severity determination at step two. *See* 20 C.F.R. § 404.1520(c); *see also* SSR 85-28 ("At the second step of sequential evaluation, then, medical evidence alone is evaluated in order to assess the effects of the impairment(s) on ability to do basic work activities."). Rather, a finding that Plaintiff possesses the ability to perform past work is appropriate at step four, rather than step two. *See* 20 C.F.R. § 404.1520(a).

Second, the normal mental status examinations described by the ALJ and cited throughout his discussion of the opinion evidence (*see* AR 23–25) conflict with the abnormal results from examinations performed by psychological examiners and notes from Plaintiff's treating therapist, all of which the ALJ found supported the medical opinions of those sources which universally opined Plaintiff did have limitations in work-related abilities. *See* AR 24–25. Hence, at best, the medical evidence presents conflicting information that the ALJ did not reconcile. "An inconclusive medical record precludes denial at [step two]." *Glanden*, 86 F.4th at 844.

---

[1] The Court does not decide whether any of these bases would be sufficient to reject any particular medical opinion or Plaintiff's subjective testimony. Rather, it decides only that these bases, taken together, do not constitute substantial evidence to support the ALJ's step two finding. Even if some of these bases were proper reasons to reject some of the evidence of record, this would not necessarily mean the ALJ's step two determination was proper. *See Glanden*, 86 F.4th at 846 ("[N]ot all inconsistencies are 'sufficient to doom a claim as groundless under the de minimis standard of step two.'") (quoting *Webb*, 433 F.3d at 688).

SOCIAL SECURITY DISABILITY APPEAL ORDER - 4

Finally, evidence cited by the ALJ (*see* AR 23–24) suggests Plaintiff's condition experienced some improvement but does not suggest his improvement was of such a magnitude that the other deficits noted in the medical evidence no longer persisted. *See* AR 977 ("only forgot to take a shower once this last week"); 1157 (smiled for first time in two years, less isolated, sleep better, anxiety improved such that he could pick up meds on his own). His improvement was thus not substantial evidence to find his impairments did not seriously impact his work-related abilities. *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("[S]ome improvement . . . does not mean that the person's impairments no longer seriously affect her ability to function in a workplace.").

In sum, the ALJ's step two finding was not supported by substantial evidence. Because the ALJ did not proceed beyond step two in making his determination, this Court reverses the decision.

### IV.   CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

Dated this 26th day of August, 2025.

Grady J. Leupold
United States Magistrate Judge